IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA STOHR, BRADLEY STOHR, )
MATTHEW STOHR, JEFFREY STOHR, by and )
through his guardian and conservator Cynthia )
Stohr, and Cynthia Stohr as Administrator of )
the Estate of Ernest A. Stohr, Deceased, )
 )
    Plaintiffs, )
 )
v. )  Case No. 17-1018-JWB
 )
PETER SCHARER and SHAWNEE SCHARER, )
Individually and as Trustees of the Scharer Living )
Trust, a/k/a The Scharer Family Trust )
and DAVID FARRIS, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

  This matter comes before the court upon defendant David Farris' Motion to Stay Civil Proceedings (ECF No. 53). For the following reasons, this motion is denied.

### I.

  Plaintiffs' personal injury and wrongful death claims arise from the death of Ernest Stohr. Plaintiffs are the Estate of Ernest Stohr and his heirs at law. They contend that Stohr's death on March 30, 2015 was caused by a fire on March 16, 2015 originating on the property of defendants Peter Scharer and Shawnee Scharer. They allege that the fire was set and ignited by defendant David Farris, who was an employee of the Scharers.

  In this motion, Farris seeks to stay this action pending resolution of a criminal investigation into the death of Ernest Stohr by the Reno County, Kansas Sheriff's Office or, in the alternative, the expiration of the applicable statutes of limitations. Farris contends that the prosecution of this action will cause him undue prejudice and undermine his Fifth Amendment privilege against self-

incrimination. Plaintiffs oppose Farris' motion. They argue that a stay of this action is not constitutionally mandated and that the court should exercise its discretion to allow the case to proceed. They note that no criminal proceeding is pending against Farris and that a stay would unfairly prejudice them.

II.

Detective Richard Jennings of the Reno County Sheriff's Office has conducted a homicide investigation regarding Stohr's death.[1] Records from the Reno County Sheriff's Office reflect that the fire on the Scharers' property "was set by person(s) burning brush without a burn permit."[2] Farris was interviewed by the Reno County Sheriff's Office on at least two occasions regarding the fire.[3] Farris did not invoke his Fifth Amendment rights during either interview. The records further indicate that on or about April 21, 2016, Detective Jennings reported that he was "inactivating the case due to lack of leads."[4]

During a deposition on March 1, 2018, Detective Jennings stated his office continues to investigate the fire as a potential homicide.[5] Detective Jennings testified that the Reno County Sheriff's Office has not made a determination whether any arrests regarding the fire will be made, because the Sheriff's Office does not yet have sufficient evidence to do so.[6] As of the date of his deposition, Detective Jennings was not aware of any eye witness who claimed to have seen the fire started (by any person).[7] Detective Jennings testified that he has "not completely ruled [Defendant Farris] out [as a suspect]."[8]

---

[1] Mem. in Support of Mot. to Stay Civil Proceedings, Exh. D., at 2 (ECF No. 53).
[2] *Id.*, Exh. C at 7.
[3] *Id.*, Exh. C, at 17.
[4] *Id.*, Exh. C, at 18.
[5] *Id.*, Exh. D at 2.
[6] *Id.*, Exh. D at 3.
[7] *Id.*, Exh. D at 5.
[8] *Id.*, Exh D at 6.

Detective Jennings further testified during his deposition that deposition testimony of witnesses who claim to have information about the fire would "very much so" be of interest to him and his investigation.[9] He believes that sworn deposition testimony taken during litigation of the above-styled case could be helpful to both his investigation of the fire and possible prosecution of charges stemming from the same.[10] Specifically, he agreed that if Farris were to answer questions at a deposition in the pending case, his answers would be of interest to him and his investigation.[11] As of the date of his deposition, Detective Jennings' investigation into the fire at issue remained inactive due to a lack of leads and witnesses.[12]

On April 17, 2018, plaintiffs filed a deposition notice for the deposition of Farris to occur on May 21, 2018.[13]

III.

Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, this court has others have determined that Rule 26(c) governs requests to stay discovery.[14] Whether to stay or otherwise limit discovery lies within the sound discretion of the court.[15] The Tenth Circuit has provided the following guidance concerning the stay of a civil matter when a litigant faces criminal charges:

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. However, a defendant has no absolute right not to be forced to choose

---

[9] *Id.*, Exh. D at 7.
[10] *Id.*, Exh. D at 8-10.
[11] *Id.*, Exh. D at 11.
[12] *Id.*, Exh. D at 13-14.
[13] Notice, ECF No. 52.
[14] *Steil v. Humana Health Care Plans, Inc.*, No. 99-2541-KHV, 2000 WL 730428, at *1 (D. Kan. May 1, 2000).
[15] *Kerr v. Dillard Store Servs., Inc.*, No. 07-2604-KHV-GLR, 2008 WL 687014, at *1 (D. Kan. Mar. 10, 2008); *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995).

between testifying in a civil matter and asserting his Fifth Amendment privilege. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution.[16]

Other courts have typically considered the following factors when exercising their discretion to stay a case in light of pending criminal matters: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest.[17]

IV.

The similarity of issue issues has been termed "the most important issue at the threshold to determine whether to grant a stay."[18] There is little dispute between the parties on this issue. This factor weighs in favor of granting a stay because the civil and criminal cases involve the same issue—who is responsible for setting the fire.

The second factor, the status of the criminal proceedings, presents a more difficult consideration. "The state of the parallel criminal proceeding may also substantially affect the determination of whether a stay is warranted [as] 'the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned ... [due to] the

---

[16] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009)(citations omitted).
[17] See *Hartford Life and Accident Insurance Co. v. Nickel*, No. 17-cv-02556-MJW, 2018 WL 1173150, at *2(D.Colo. Mar. 6, 2018).
[18] *Walsh Securities, Inc. v. Cristo Prop. Management, Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J. 1998)(citation omitted).

potential for self-incrimination'".[19]   Based upon the fact that "there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, preindictment requests for a stay are generally denied".[20]   "However, each case must be evaluated individually ... [and] it is 'still possible' to obtain a stay ... if the Government is conducting an active parallel criminal investigation".[21]

Here, no charges have been filed against Farris.  The Reno County Sheriff's Office has deemed the investigation inactive due to a lack of leads and witnesses.  Nevertheless, Detective Jennings remains interested in the proceedings in this case.  Under these circumstances, the court believes this factor weighs in favor of denying the request for stay.   Farris has not been charged and the investigation is inactive.   The court cannot predict whether any criminal proceedings will ever be initiated.

The third factor, the plaintiff's interest in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay, heavily favors denying the stay.  Plaintiffs have a clear interest in having discovery occur.  The granting of the requested stay would substantially delay the resolution of plaintiffs' claims.

The fourth factor, the burden on the defendants, weighs in favor of granting the stay.  Farris has a clear interest in protecting himself from self-incrimination during the discovery of the civil matter.   If Farris were forced to assert his Fifth Amendment rights, this would unduly prejudice him because plaintiffs would undoubtedly seek an adverse inference against him.

The fifth factor, the interests of the court, weighs in favor of denying the stay.  The length of the potential stay will significantly delay the progress of this case.   The statute of limitations

---

[19] *Id.* (quoting Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)).
[20] *Id.*
[21] *Id.* (quoting *Parallel Proceedings*, 129 F.R.D. at 204).

for arson in Kansas is five years.[22] The statute of limitations for manslaughter is also five years.[23] Thus, the requested stay would delay discovery at least concerning Farris until March 16, 2020. The court has an interest in judicial efficiency in terms of managing its caseload.

The final factor, the public's interest, is not implicated until an indictment or criminal charge is initiated. Without an indictment or criminal charge, the public interest in seeing civil disputes resolved in an efficient and timely manner supersedes defendant Farris' suspicions that he might be exposed to criminal liability.

On balance, the court shall deny defendant Farris' motion to stay. The court finds, although the issue is a close one, the applicable factors weigh in favor of denying the stay.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant David Farris' Motion to Stay Civil Proceedings (ECF No. 53) is hereby denied.

**IT IS SO ORDERED.**

Dated this 30th day of May, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[22] K.S.A. §§ 21-5207(d) and 21-5812.
[23] K.S.A. §§ 21-5207(d), 21-5404 and 21-5405.