IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA STOHR, *et al.*,

    Plaintiffs,

v.                                                            Case No. 17-1018-JWB

PETER SCHARER, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' motion to remand the action to state court. (Doc. 88). The motion has been fully briefed. (Docs. 94, 96.) For the reasons set forth below, the motion to remand (Doc. 88) is DENIED.

Plaintiff filed this action in Reno County District Court. Defendants Peter and Shawnee Scharer removed the action to this court, alleging that federal jurisdiction was proper under 28 U.S.C. § 1332 because complete diversity of citizenship existed between the Plaintiffs and Defendants. The Notice of Removal alleged that Plaintiffs were citizens of Kansas; that Defendants Peter and Shawnee Scharer were citizens of Colorado; and that Defendant David Farris, who had not yet been served at the time of removal, was a citizen of Oklahoma. (Doc. 1 at 2.)

A Pretrial Order was filed on October 19, 2018. (Doc. 82.) It noted that subject matter jurisdiction under 28 U.S.C. § 1332 was not disputed. (*Id.* at 2.) On January 1, 2019, Plaintiffs filed a motion to remand, arguing that "[a]s the result of a partial settlement, complete diversity will disappear." (Doc. 88 at 1.) The motion asserts that David Farris is now the only remaining Defendant due to a settlement that resulted in the dismissal of the other Defendants. It further

asserts that although Defendant Farris was a domiciliary of Oklahoma at the time suit was filed and he was served with process, he has since moved to Kansas, and is now domiciled in Kansas. Plaintiffs argue that because all remaining parties live in Kansas, the court no longer has diversity jurisdiction, and the action should be remanded to state court. (Doc. 89 at 2.)

Plaintiffs' argument is foreclosed by precedent, which holds that the court's subject matter jurisdiction ordinarily "depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Globa Group, L.P.*, 541 U.S. 567, 570 (2004) (citation omitted.) Thus, "no changes in citizenship after the time of filing (and, as relevant here, the time of removal) can … destroy diversity." *In re Lipitor Antitrust Litigation*, 855 F.3d 126, 151 (3d Cir. 2017); *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) ("If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties." *See also Smith v. Sperling*, 354 U.S. 91, n. 1 (1957) ("[J]urisdiction, once attached, is not impaired by a party's later change of domicile.") Plaintiffs argue a different result is required by 28 U.S.C. § 1447(c), which provides in part that the court shall remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." But nothing in this provision alters the long-standing principle that a change in the citizenship of a party after removal does not divest the court of diversity jurisdiction. *Cf. Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) ("[M]ost post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction[,] but an addition of a nondiverse defendant will….") (citation omitted); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1239 (10th Cir. 2015) ("In any event, it is clear the relevant time period for determining the existence of complete diversity is the

time of the filing of the complaint," such that information about domicile after removal was not relevant.)

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. 88) is DENIED. IT SO ORDERED this 7th day of February, 2019.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE