IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CYNTHIA STOHR, *et al.*,

    Plaintiffs,

v.                                                    Case No. 17-1018-JWB

PETER SCHARER, *et al.,*

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' motion for reconsideration. (Doc. 107.) The sole remaining Defendant, David Farris, has filed a response. (Doc. 108.) For the reasons stated herein, the motion for reconsideration (Doc. 107) is DENIED.

**I. Standards Governing Motion to Reconsider**

The parties disagree whether the court's order granting in part and denying in part summary judgment (Doc. 106) was a "non-dispositive" order subject to reconsideration under D. Kan. R. 7.3(b), or whether it was a "dispositive" order subject to reconsideration only under Fed. R. Civ. P. 59(e) or 60. *See* D. Kan. R. 7.3(a). *Compare Coffeyville Res. Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp.2d 1261, 1264 (D. Kan. 2010) (partial summary judgment rulings are interlocutory and are non-dispositive within the meaning of D. Kan. R. 7.3(b)) and *Great Plains Ventures, Inc. v. Liberty Mut. Fire Ins. Co.*, No. 14-1136-JAR, 2016 1715453, *1 (D. Kan. Apr. 29, 2016) (partial summary judgment was a dispositive order because it resolved some claims). The court need not resolve that issue here, because the motion was timely filed in either event and invokes a standard of review common to both types of motions. That standard permits motions to

reconsider based on: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See* D. Kan. R. 7.3(b) and *Jenny Yoo Collection Inc. v. Essence of Australia, Inc.*, No. 17-2666-JAR, 2019 WL 2727167, *2 (June 28, 2019) (grounds for reconsideration under Rule 59(e) include the same three bases.)

The decision to grant or deny a motion for reconsideration is within the court's discretion. *Jenny Yoo Collection, Inc.*, 2019 WL 2727167, at *3. "A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in the prior briefing." *Coffeyville Res. Refining & Mktg., LLC,* 748 F. Supp.2d at 1264 (citation omitted.)

**II. Analysis**

The court ruled on summary judgment that Plaintiffs could not maintain a wrongful death claim because they "failed to cite expert medical testimony from which a jury could properly find that smoke inhalation caused or contributed to Mr. Stohr's death." (Doc. at 12.) Plaintiffs argue this finding constituted clear error and will result in manifest injustice. (Doc. 107 at 1.) They assert that Dr. Hart and Dr. Mattar both offered opinions that "smoke inhalation from the [f]ire contributed to Ernest Stohr's death." (*Id.* at 3.) Together with the other evidence, Plaintiffs argue this would allow a jury to find "but-for" causation by concluding that Mr. Stohr's elevated blood pressure, caused in part by smoke inhalation from the fire, "attacked the pre-existing aneurysm and led to its rupture." (*Id.* at 4.) They contend the court applied "inappropriately high criteria for medical evidence … that is inconsistent with federal and Kansas law." (*Id.* at 7.)

Plaintiffs are essentially rearguing the same position rejected by the court on summary judgment. In that order, the court specifically rejected Plaintiffs' contention that the two doctors

2

mentioned above rendered opinions that smoke inhalation contributed to Mr. Stohr's death. With respect to Dr. Hart, the court found the cited deposition excerpts "do not show such an opinion." (Doc. 106 at 6.) Instead, they show only that Dr. Hart opined that the fire started a "cascade of events *that ended in his death.*" (*Id.*) The only opinion on causation offered by Dr. Hart was that the aneurysm was the cause of death. (*Id.*) As for Dr. Mattar, the court similarly found he "did not assert that smoke inhalation from the fire played any contributory role in the rupture of the aneurysm or in Mr. Stohr's death." (*Id.*) The court quoted at length from Dr. Mattar's deposition, including his response when asked directly about causation that "I cannot tell you" what was the likely cause of the aneurysm rupture. (*Id.* at 7.) After examining the submitted testimony, the court found on summary judgment "that Plaintiffs' proposed fact that smoke inhalation contributed to the death of Ernest Stohr is not supported by the deposition testimony." (*Id.*)

Plaintiffs' motion to reconsider fails to acknowledge or address the foregoing rulings and again posits that these doctors opined that smoke inhalation "contributed to Ernest Stohr's death." (Doc. 107 at 3.) Because Plaintiffs have failed to show that the court's ruling on this issue amounts to clear error, Plaintiffs have shown no grounds for reconsideration. The court reiterates its finding that under the standards of Kansas law, expert medical testimony is required to establish that smoke inhalation caused or contributed to Mr. Stohr's death. (Doc. 106 at 12) (citing *Puckett v. Mt. Carmel Reg. Med. Ctr.*, 290 Kan. 406, 435-36, 228 P.3d 1048, 1068 (2010) (expert medical testimony is generally required to establish causation on medical issues because such matters are outside the knowledge of the average lay person.)) If experts trained in medical causation cannot render an opinion that smoke inhalation likely caused or contributed to Mr. Stohr's death, jurors with no such training certainly cannot render a reliable verdict by using their own judgment or by inferring causation from that fact that Mr. Stohr suffered a ruptured aneurysm two weeks after

suffering smoke inhalation. *Cf. Kuxhausen v. Tillman Partners, L.P.*, 291 Kan. 314, 320, 241 P.3d 75, 81 (2010) (rejecting medical opinion "based on nothing more than *post hoc ergo propter hoc* logic: the symptoms follow the exposure; therefore they must be due to it. Such reasoning is nothing more than speculation.")

Nor have Plaintiffs shown that the court applied "inappropriately high criteria for medical evidence." Plaintiffs argue the court applied a standard contrary to *Cox v. Ulysses Coop. Oil and Supply Co.*, 218 Kan. 428, 544 P.2d 363 (1975). *Cox* was a worker's compensation case where the worker sustained an on-the-job injury to a mole on his back. The mole was subsequently diagnosed as malignant and the cancer spread throughout the worker's body, resulting in his death. In upholding an award of worker's compensation, the court relied in part on a doctor's opinion that "trauma 'may' induce malignancy in a mole." *Id.* at 431, 544 P.2d at 367. The supreme court said the doctor's testimony "[w]hen read in its entirety" met the standard of reasonable medical certainty, and that "[w]e think it is to be concluded from [the doctor's] testimony that … the injury and aggravation, as shown by the sequence of symptoms and the doctor's testimony, caused or hastened the spread of the malignant melanoma, ultimately resulting in his death." *Id.* at 435, 544 P.2d at 369. *Cox* is distinguishable from the instant case in two respects. First, *Cox* was adjudged under a deferential standard of review that does not apply outside of worker's compensation cases. *See id.* at 432, 544 P.2d at 367 ("the appellate jurisdiction of this court in compensation cases is confined to reviewing questions of law only.") And second, the *Cox* court found the doctor's testimony in that case showed that "the injury caused or hastened" the spread of the cancer. The medical testimony in the instant case cannot be reasonably construed as opining to a reasonable degree of medical certainty that smoke inhalation was a cause or contributing factor in Mr. Stohr's death. The medical testimony cited by Plaintiffs does not support that proposition.

IT IS THEREFORE ORDERED this 11th day of July, 2019, that Plaintiffs' motion for reconsideration (Doc. 107) is DENIED.

                                               s/ John W. Broomes
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE